No. 659 July 23, 2025 127

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES EDWARD ADAMS, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
21CR45407; A182437

Charles M. Zennaché, Judge.

Submitted April 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Charles Adams filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction of two counts of first-degree sodomy and seven counts of first-degree sexual abuse,[1] raising four assignments of error and three pro se supplemental assignments of error. In his first assignment of error, defendant argues that the trial court erroneously granted the state's motion to amend the indictment to extend the time period in which the defendant's acts were alleged to have occurred. In his second assignment, defendant challenges the trial court's admission of the testimony of a forensic interviewer, arguing that it was scientific evidence for which the state failed to lay a sufficient foundation. In his third and fourth assignments of error, defendant challenges the trial court's admission of evidence of the statements of one of the victims pursuant to OEC 803(18a)(b). In his three pro se supplemental assignments of error, defendant argues that the trial court erred in failing to disallow witnesses from accessing the publicly available live stream of the trial after granting defendant's motion to exclude witnesses; in allowing the state to call his former mother-in-law as a rebuttal witness; and in allowing the state to present video of a forensic interview that had been altered from the original, in violation of OEC 1002. We affirm.

*Amending the Indictment.* A grand jury issued an indictment charging defendant with two counts of first-degree sodomy, ORS 163.405, and ten counts of first-degree sexual abuse, ORS 163.427, which alleged that the acts for each charge occurred "on or between January 1, 2012, and December 31, 2014." During trial, the court granted the state's motion to amend the indictment so that, for each charge, the acts were alleged to have occurred "on or between January 1, 2012, and June 1, 2016."

On appeal, defendant argues that the trial court could not, on this record, ensure that defendant was convicted based on the same acts for which the grand jury indicted defendant, resulting in a violation of both the state and federal constitutions. *See* Or Const, Art VII (Amended),

---

[1] Three additional counts of first-degree sexual abuse merged with two of the first-degree sexual abuse convictions.

§ 5(3), (only a grand jury may charge a person with the commission of any crime punishable as a felony); Or Const, Art VII (Amended), § 5(6) ("The district attorney may file an amended indictment *** whenever, by ruling of the court, an indictment *** is held to be defective in form."); US Const, Amend V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury ***."); *Russell v. United States*, 369 US 749, 770, 82 S Ct 1038, 8 L Ed 2d 240 (1962) (explaining the settled rule that, under the Fifth Amendment to the United States Constitution, "an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form").[2]

Defendant, however, did not advance that argument below. Although defendant objected "for the record" and on the ground that allowing the amendment would be "unfair," that argument would not have alerted the state or trial court to the argument he now advances on appeal, namely, that the amendment would have violated his constitutional rights. Consequently, the state did not have an opportunity to respond to defendant's argument, including developing a factual record to address it, and the trial court did not have an opportunity to avoid any potential error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court ***."); *State v. Gaines*, 275 Or App 736, 749, 365 P3d 1103 (2015) ("The purposes of preservation include ensuring fairness to the parties in making and responding to arguments asserted in a case and efficient judicial administration."). Accordingly, defendant's first assignment of error is unpreserved.

*Scientific Evidence.* We turn to defendant's second assignment of error, in which he argues that the trial court plainly erred in receiving testimony from a forensic interviewer who interviewed both victims, Alyssa Golditch. In defendant's view, Golditch's testimony was scientific evidence

---

[2] Although defendant argues that amending the indictment violated his federal constitutional grand-jury right, we note that the United States Supreme Court has held that the Fourteenth Amendment did not incorporate the Fifth Amendment's grand-jury right to the states. *Hurtado v. California*, 110 US 516, 538, 4 S Ct 111, 28 L Ed 232 (1884).

for which the state failed to lay a foundation to establish its scientific validity.

Under OEC 702, "[i]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise." If an expert's testimony constitutes "scientific" evidence, it must "possess[] the requisite level of scientific validity and reliability for admissibility under OEC 702." *State v. Henley*, 363 Or 284, 307, 422 P3d 217 (2018).

On its face, OEC 702 addresses both evidence that is "scientific," and therefore requires a foundation sufficient to establish its scientific validity and reliability, and evidence that is *not* scientific and may be presented by an expert witness whose expertise derives from their particular "knowledge, skill, experience, training or education." *State v. Eatinger*, 298 Or App 630, 639, 448 P3d 636 (2019). "[T]he line between expert testimony based on training and experience and expert testimony that is sci-entific can often be difficult to draw." *Id.* at 641. "[T]he key question in determining whether proffered testimony is scientific evidence requiring a spe-cial foundation is whether the expert's assertions possess significantly increased potential to influence the trier of fact as scientific assertions." *Id.* at 640 (internal quotation marks omitted).

Defendant has not directed us to specific portions of Golditch's testimony that he contends constitute scientific evidence for which the state failed to lay a sufficient foundation, which somewhat complicates our review. *See* ORAP 5.45(4)(b) ("Where a party has requested that the court review a claimed error as plain error, the party must identify the precise error, specify the state of the proceedings when the error was made, and set forth pertinent quotations of the record where the challenged error was made."). Nonetheless, having reviewed the record, we conclude that it is not obvious and beyond reasonable dispute that Golditch's testimony, or any portion thereof, was scientific evidence that required a special foundation rather than testimony

based on her knowledge, skill, experience, training and education. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.").

*DB's Out-of-Court Statements.* In his third and fourth assignments of error, defendant contends that the trial court plainly erred under OEC 803(18a)(b) in admitting evidence of DB's statements to JB, her mother, and Golditch, notwithstanding that DB testified at trial. Defendant argues that the OEC 803(18a)(b) exception to the general rule of inadmissibility of hearsay evidence—which allows for admission of out-of-court statements concerning an act of abuse if the declarant testifies at trial—is intended to apply only to people who are children, elderly, or developmentally disabled at the time they testify, not to adults like DB, who was 19 at the time of trial.

*State v. Akins*, 373 Or 476, 503, 568 P3d 174 (2025), decided after defendant filed his opening brief, rejected the argument that defendant makes here. *See id.* (holding that the OEC 803(18a)(b) "hearsay exception was intended to apply to out-of-court statements made by a person who was a child when she made the statements and who testifies and is available for cross-examination at trial, even if the person is no longer a child when she testifies"). Accordingly, we reject defendant's third and fourth assignments of error.

*Witness Access to Live Stream of Trial.* In his first pro se supplemental assignment of error, defendant argues that the trial court erred in allowing witnesses to access the online live stream of the trial after it ruled to exclude witnesses. Defendant did not raise his argument before the trial court, and his claim of error is, therefore, not preserved for our review. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). Moreover, the record developed before the trial court is silent as to how the online live stream of the trial could be

accessed, whether any witnesses actually watched the live stream, and, if so, how defendant was prejudiced by their viewing of the living stream. There is thus no error apparent on the record, and thus no plain error. *See Vanornum*, 354 Or at 629 ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.").

*Rebuttal Witness.* Defendant's second pro se supplemental assignment of error—that the trial court erred in allowing the state to call his former mother-in-law as a rebuttal witness—is related to his first pro se supplemental assignment. Defendant argues that the court erroneously received the testimony of his former mother-in-law, who had been allowed to access the online live stream of the trial and to conform her testimony to be consistent with that of other witnesses and the state's presentation of the case, notwithstanding that the court had ruled to exclude witnesses.

As with his first pro se supplemental assignment of error, defendant did not raise his argument regarding the state's rebuttal witness before the trial court, and his claim is therefore not preserved for our review. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). Nor does the record demonstrate that the rebuttal witness accessed the live stream or that she conformed her testimony in the ways that defendant claims. There is consequently no error apparent on the record. *Vanornum*, 354 Or at 629.

*Altered Forensic Interview.* In his third pro se supplemental assignment of error, defendant argues that the trial court erred in admitting recordings of the forensic interviews of the victims into evidence because the recordings had been modified from the originals. Defendant contends that doing so violated OEC 1002, which provides, "To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except

as otherwise provided in [OEC 1001] to [OEC 1008] or other law."

Defendant did not object to the admission of the recordings when the state sought to introduce them at trial, and he argues on appeal that no objection was realistically possible because both he and his counsel were unaware of the modifications. However, the record reflects that defense counsel *was* aware that the recordings of the forensic interviews had been modified. In closing argument, the prosecutor stated: "[Y]ou may notice in the [forensic] interviews, there are a couple of places where it [is] just chopped a little bit. *Counsel and I agreed on a couple of edits.* You don't need to speculate as to why. It just is what it is." (Emphasis added.) Defense counsel did not dispute the prosecutor's representation regarding their agreement.

Because defendant, through counsel, was aware that the interview recordings had been modified and did not object to their introduction, defendant's lack of objection to the admission of the modified recordings means that the claim of error was not preserved for our review, nor is any asserted error apparent on the record. ORAP 5.45(1); *Vanornum*, 354 Or at 629.

Affirmed.